IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES ALLAN[1] GALLEHER,  )
                          )
            Plaintiff,    )
                          )   CIVIL ACTION
v.                        )
                          )   No. 13-1092-JWL
                          )
MICHAEL J. ASTRUE,        )
Commissioner of Social Security, )
                          )
            Defendant.    )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff filed his Complaint in this case pro se on March 6, 2013. (Doc. 1). When plaintiff failed to file his Social Security Brief when it was due, the court issued a Scheduling Order providing an additional forty-two days until August 12, 2013 for Plaintiff to file his Social Security Brief. (Doc. 10). On August 12, 2013, Plaintiff filed a Motion for Extension of Time for 30 days in order for Plaintiff to retain counsel. (Doc. 11). The court granted Plaintiff's motion, extending the filing deadline to September 12, 2013. (Doc. 12). One day after that deadline expired, Plaintiff filed a second Motion for Extension of Time seeking 60 to 90 days additional time to obtain counsel. (Doc. 13).

---

[1]The court notes that Plaintiff captioned his motions in the name of "James Allen Galleher." (Docs. 11, 13, 15). However, in the Complaint, and apparently in the same handwriting as in the motions, the Plaintiff is named as "James Allan Galleher." (Doc. 1). The court uses the name presented in the Complaint.

The court granted Plaintiff's motion to the extent of 90 days until December 16, 2013, and attached to its order a list of attorneys currently practicing before the court in Social Security cases in Wichita. (Doc. 14). Once again, Plaintiff did not secure representation, and subsequently filed a third motion for extension of time requesting an additional "90 days or maximum time applicable." (Doc. 15). On December 17, 2013, the court denied Plaintiff's third request for additional time and ordered Plaintiff to file his Social Security Brief with the court no later than January 15, 2014. (Doc. 16).

After Plaintiff failed to file his Social Security Brief on January 15, 2014, the court issued an "Order to Show Cause" no later than February 21, 2014 why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules because of Plaintiff's failure to prosecute this case or to comply with the court's orders. (Doc. 17). In its "Order to Show Cause," the court warned Plaintiff that his case might be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rule 41.1 if he does not take action to prosecute this case or if he does not comply with the orders of the court." (Doc. 17, p.2). February 21, 2014 came and went, and Plaintiff did not respond in any way to the "Order to Show Cause." He has not filed a Social Security Brief or any other document. In short, he has ignored the court's directive.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a

2

severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case. The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system. Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and Plaintiff's motions and determine whether any action on her part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this

3

case) has risen to the level of interfering with the judicial process.  The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success.  Plaintiff's responses so far do not indicate that any amount of time will result in production of a Social Security Brief stating his position on the Commissioner's decision of his case.

    This leads to consideration of the third factor, which focuses on the plaintiff's culpability.  The third factor more heavily weighs in favor of dismissal.  As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed his answer and the administrative record on May 15, 2013.  Plaintiff's only response to the court's orders has been multiple requests for additional time.  After the court provided Plaintiff with 162 days of additional time to file a Social Security Brief beyond the 45 days allowed for that act by Local Rule 83.7.1, and after the court cautioned Plaintiff that "the court cannot continually delay prosecution of this case, and it is unlikely that the court will grant additional time solely at Plaintiff's request, absent a showing of extreme and unforeseeable circumstances beyond Plaintiff's responsibility or control" (Doc. 14), Plaintiff merely sought an additional "90 days or maximum time applicable" to secure representation and to file a Social Security Brief. (Doc. 15).  Although the court denied Plaintiff's motion, it should be noted that the court set the deadline for filing a Social Security Brief one month later. (Doc. 16).  All of this was to no avail, and Plaintiff has not explained his failure to file his Social Security Brief.

The fourth factor is also satisfied. The court's latest "Order to Show Cause" specifically warned Plaintiff that failure to respond could result in dismissal of his case, and the docket reflects that the order was mailed to Plaintiff in the same manner as the other orders to which Plaintiff has responded. (Doc. 18). There is no indication in the record that Plaintiff's address has changed.

Finally, the court considers the efficacy of lesser sanctions. Here, the court has repeatedly granted Plaintiff leniency in light of his status as a pro se litigant. It has repeatedly directed Plaintiff to the applicable portions of the Local Rules governing the preparation and submission of briefs in Social Security cases. It has repeatedly rescheduled the briefing in this case to afford Plaintiff more time to seek the services of an attorney or to prepare his own brief explaining the errors in the Commissioner's decision--all to no avail. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendant has suffered prejudice by virtue of having devoted resources to preparing and filing an answer and the administrative record in this case, and monitoring the numerous orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it continues to linger on the

court's docket without any meaningful progress toward resolution. Plaintiff's culpability for this predicament is high, as he is well aware of his obligation to prepare a brief. And, the court forewarned plaintiff that failure to respond could result in dismissal, yet he still has not responded. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 26th day of February 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**